**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LESTER JON RUSTON,**

       **Plaintiff,**

**vs.**                                    **Case No. 4:06cv140-MP/WCS**

**THE FLORIDA BAR,
JOHN F. HARKNESS,
KELLY A. BOWLING,
and EDWARD ITURRALDE,**

       **Defendants.**

_____/

## REPORT AND RECOMMENDATION

      This case was initiated by the *pro se* Plaintiff in March, 2006, but because Plaintiff did not simultaneously pay the filing fee or submit an *in forma pauperis* motion, Plaintiff was directed to either pay the fee or submit an *in forma pauperis* motion.  Doc. 3.  Plaintiff has now filed a motion for leave to proceed *in forma pauperis* in which he contends he "is an indigent pre-trial civil detainee, held without any constitutional rights" at the Medical Center for Federal Prisoners.  Doc. 5.  Plaintiff argues he is only a "civil detainee," doc. 1, and, thus, not a prisoner within the meaning of the PLRA.  Doc. 5, p. 1.  In support, Plaintiff sites to Troville v. Venz, 303 F.3d 1256 (11th Cir. 2002).

Judicial notice is taken of a pending criminal proceeding in which Plaintiff is charged with threatening to assault United States Magistrate Judge Irma C. Ramirez, with intent to intimidate and retaliate against her while she was engage in, or on account of, the performance of her official duties, a violation of 18 U.S.C. § 115.  Case 3:04cr191.  That case is still pending in the United States District Court, Northern District of Texas, Dallas.  Plaintiff was indicted on or about June 8, 2004,[1] and on November 18, 2005, an order was entered in that criminal case following a hearing to determine Plaintiff's competency to stand trial.  Doc. 91, case 3:04cr191; *see also* doc. 81.  Plaintiff was found to be continuing "to suffer from a disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense."  *Id.*  Accordingly, Plaintiff was ordered committed to the custody of the Attorney General for placement in a suitable facility for treatment.  *Id.*  Thereafter, Plaintiff's criminal defense attorney filed a motion seeking his release or, in the alternative, for a hearing under 18 U.S.C. § 4246.  Doc. 97, case 3:04cr191.  The motion for a hearing was granted, and the order noted that Plaintiff "had been undergoing mental health treatment . . . since May 26, 2005."  Doc. 98, case 3:04cr191.  The order directed Plaintiff's treating psychiatrist at the Federal Medical Center to provide the Court with a written report by April 18, 2006.  *Id.*  Thereafter, a hearing would be scheduled.  Thus, it is clear that Plaintiff is currently being held in a federal facility having been found incompetent to proceed to trial on pending criminal charges.

---

[1] The Court has access to the electronic docket for this case, but is unable to view the actual documents which were filed prior to January of 2005.

While Plaintiff is correct that a civil detainee is not a prisoner for purposes of the

*in forma pauperis* statute as amended by the PLRA, Plaintiff *is* a "prisoner" because he

is detained in a facility, standing accused of violating federal criminal law.  Prisoner is

defined by § 1915(h) as:

> . . . the term "prisoner" means any person incarcerated or detained in any facility
> who is accused of, convicted of, sentenced for, or adjudicated delinquent for,
> violations of criminal law or the terms and conditions of parole, probation, pretrial
> release, or diversionary program.

28 U.S.C. § 1915(h).  The situation in Troville v. Venz, 303 F.3d at 1260, n.5, is not the

same as Plaintiff's situation and is inapplicable.  In Troville, the court noted that the

plaintiff was confined as a "civil detainee" in a Florida correctional facility for a

determination as to whether he should be involuntary detained under the "Jimmy Ryce

Act" as a sexually violent predator.  303 F.3d at 1257-58.  The court made it abundantly

clear that Troville was "not charged with a crime or serving a term of incarceration."  *Id.*,

at 1258.  Here, Plaintiff is charged with a criminal offense and his detention is pursuant

to that pending charge.

As the *in forma pauperis* statute is applicable to Plaintiff under the PLRA, it

remains to be determined whether he is entitled to *in forma pauperis* status.  Pursuant

to the "three strikes" provision of the PLRA, an inmate may not be granted such status if

he has had three or more cases "dismissed as frivolous, malicious, or failed to state a

cause of action upon which relief may be granted."  Medberry v. Butler, 185 F.3d 1189,

1191 (11th Cir. 1999).  The only exception to that bar is under § 1915(g) which permits

a prisoner to proceed without prepayment of the filing fee if he is "under imminent

danger of serious physical injury."  Medberry, 185 F.3d at 1192, *quoting* 28 U.S.C. §

1915(g); <u>Brown v. Johnson</u>, 387 F.3d 1344, 1348-49 (11th Cir. 2004).  The danger must be imminent, not a past danger, and there must be something specific allegation showing how the named Defendants are responsible for his being in imminent danger of serious physical injury.  *see* <u>Medberry</u>, 185 F.3d at 1193.

Judicial notice is taken that Plaintiff has previously been denied *in forma pauperis* status based on having more than three strikes.[2]  Doc. 3 of case 1:06cv215, from the United States District Court, Western District of Texas (Austin); doc. 5 of case 3:04cv1690, United States District Court, Northern District of Texas (Dallas); doc. 8 of case 3:02cv2349, United States District Court, Northern District of Texas (Dallas).  In that latter case, 3:02cv2349, Magistrate Judge Ramirez noted that Plaintiff had already had three prior actions dismissed as frivolous in that court alone: case 3:01cv1052, case 3:01cv1818, and 3:01cv2087.  Doc. 5, of case 3:02cv2349.  Plaintiff is well aware that he is not entitled to proceed *in forma pauperis* based on those cases.  It is because of that knowledge that Plaintiff now makes the conclusory assertion in his complaint that he is under imminent danger of physical injury.  Doc. 1.  Such a statement is frequently made when a prisoner is not otherwise entitled to *in forma pauperis* status due to prior "strikes" in the federal courts pursuant to 28 U.S.C. § 1915(g).

Plaintiff's complaint does not demonstrate that he is under imminent danger of serious physical injury.  Doc. 1.  While Plaintiff alleges a broad conspiracy against him, the events about which he complains occurred in 2004 and 2005.  There is nothing imminent or immediate about Plaintiff's allegations, nor is there any factual allegation

---

[2] Judicial notice is also taken that Plaintiff has initiated some 54 civil and habeas cases.  Plaintiff is a frequent litigator and is, thus, aware of the bar against his being granted *in forma pauperis* status.

that shows Plaintiff is in danger of serious physical injury.  Plaintiff's claims pertain to due process, not physical injury.  Moreover, Plaintiff's claims do not arise in this judicial district nor do they truly concern Defendants in this District.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 5, be **DENIED** pursuant to 28 U.S.C. § 1915(g); that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** for abuse of the judicial process; and that the Clerk of Court note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915+(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 24, 2006.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**